PER CURIAM.
¶1 Sandra J. Kopp appeals the circuit court's order denying her motion to modify maintenance. She argues: (1) the circuit court misused its discretion when it ruled that there was not a substantial change in circumstances warranting maintenance modification; (2) the circuit court misused its discretion by not considering the fairness objective of maintenance; and (3) the circuit court inappropriately established a blanket rule that a substantial change in circumstances cannot be based on cessation of child support. We affirm.
¶2 Sandra and James E. Kopp were married on April 28, 1990. They have three children, one of whom was not yet emancipated when they divorced on December 8, 2014. At the time of divorce, Sandra worked as a paralegal and was earning $3934 per month. James, who had previously worked as a firefighter, had tax-free disability income of $5020 per month because he was severely disabled due to a stroke. The parties entered into a Marital Settlement Agreement that provided that "maintenance to both parties shall be held open as to amount and duration." Child support was set at $853 per month.
¶3 On April 26, 2016, Sandra moved for maintenance on the ground that the parties' youngest child would be graduating from high school in June 2016 and child support would terminate. The circuit court denied the motion, concluding that there was no substantial change in circumstances warranting maintenance modification.
¶4 A party moving to modify a maintenance award must demonstrate that there has been a substantial change in circumstances warranting the modification of the maintenance award. Rohde-Giovanni v. Baumgart , 2004 WI 27, ¶30, 269 Wis. 2d 598, 676 N.W.2d 452. "[T]he focus should be on any financial changes the parties have experienced." Id. "[T]he appropriate comparison regarding any change in the parties' financial circumstances is to the set of facts that existed at the time of the most recent maintenance order." Kenyon v. Kenyon , 2004 WI 147, ¶21, 277 Wis. 2d 47, 690 N.W.2d 251. Whether a substantial change of circumstances has occurred and whether maintenance should be modified are questions committed to the circuit court's discretion. Cashin v. Cashin , 2004 WI App 92, ¶¶43-44, 273 Wis. 2d 754, 681 N.W.2d 255. "We [will] affirm discretionary decisions if the record shows the circuit court employed a process of reasoning in which it considered the facts and applied the correct law to reach a logical result." Id. , ¶42.
¶5 Sandra first argues that the circuit court misused its discretion when it ruled that there was not a substantial change in circumstances based on the fact that James would no longer have to make monthly child support payments of $853 to her. She contends the income division of the parties has been significantly altered; when she was receiving child support, the parties each received approximately 50% of their total income stream, but James now has nearly 61% of their joint income stream while she has only 39% of their income stream when the effect of taxation is taken into account.
¶6 The circuit court ruled that there had not been a substantial change in circumstances because Sandra's motion was based solely on the cessation of child support and the parties knew at the time of divorce, which had occurred only eighteen months earlier, that child support would end shortly because their youngest daughter was nearly the age of majority. The circuit court relied on our decision in Jantzen v. Jantzen , 2007 WI App 171, ¶15, 304 Wis. 2d 449, 737 N.W.2d 5, where we held the cessation of child support was anticipated by the circuit court at the time of divorce and, therefore, the circuit court could have easily made a provision to increase maintenance when child support ended if it thought it appropriate to do so. See id.
¶7 Sandra contends that Jantzen is distinguishable because the circuit court held maintenance open when her divorce was granted, which indicates, according to Sandra, that the parties anticipated future changes in the maintenance award; in contrast, the circuit court set the maintenance award at the time of divorce in Jantzen , which, according to Sandra, is more suggestive of finality. See id.
¶8 Child support payments end when the child or children reach majority regardless of whether maintenance is set at the time of divorce or whether maintenance is held open. In the context of this case, where the youngest child of Sandra and James was soon to reach majority at the time of divorce, we see no meaningful difference between a decision holding maintenance open for both Sandra and James and a decision setting a maintenance award. Even if the parties' decision to hold maintenance open suggests that they anticipated that maintenance might be ordered in the future, Sandra and James entered into the Marital Settlement Agreement well aware that the child support award was for an extremely limited period of time and, importantly, was intended to assist Sandra with the costs of having the child in her household. The Marital Settlement Agreement did not tie the decision to hold maintenance open to the cessation of child support in any way. Under the circumstances of this case, we conclude that the circuit court properly exercised its discretion in ruling that there was no substantial change in circumstances based on the cessation of child support. Because the circuit court relied on the proper law as applied to the facts of this case, the court reached a reasoned and logical conclusion. See Cashin , 273 Wis. 2d 754, ¶¶43-44.
¶9 Sandra next argues that the circuit court erred by failing to consider how the termination of child support impacted the fairness objective of maintenance. The Wisconsin Supreme Court has repeatedly stated that "the circuit court must find a substantial change in the parties' financial circumstances before it can modify a maintenance award." Kenyon , 277 Wis. 2d 47, ¶25. Kenyon explains that modification of a maintenance award may be warranted if the movant first establishes the requisite substantial change in circumstances. Id. , ¶27. Here, the circuit court concluded that there was not a substantial change in the parties' financial circumstances. Because modification of the maintenance award was therefore not warranted, the circuit court did not misuse its discretion in failing to consider how the cessation of child support impacted the fairness objective of maintenance.
¶10 Sandra next argues that the circuit court's decision improperly creates a blanket rule that a substantial change in circumstances sufficient to warrant maintenance modification can never be based on cessation of child support alone. Sandra contends that such a rule would eliminate the discretion of circuit courts to determine whether a substantial change in circumstances has occurred.
¶11 Whether a substantial change in circumstances has occurred is a fact-intensive inquiry that turns on the particular circumstances of each case. We agree with Sandra that a blanket rule that eliminates a circuit court's discretion would be antithetical to the circuit court's exercise of discretion in this regard. However, the circuit court's decision does not create a blanket rule; rather, it is based on the facts and circumstances of this case. We have concluded that the circuit court here properly exercised its discretion in concluding that the termination of child support, eighteen months after the divorce, did not constitute a substantial change in circumstances given the parties' respective incomes, future earning capacity, and other circumstances.
¶12 James moves this court to award him costs, fees, and reasonable attorney fees on the grounds that this appeal is frivolous. See WIS. STAT. RULE 809.25(3) (2017-18).[1] Sandra's arguments were grounded in the applicable law as applied to the facts of this case. Therefore, we deny his motion.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b).5.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.